**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KORMENDI\GARDNER PARTNERS,<br><br>          Plaintiff,<br><br>    v.<br><br>SURPLUS ACQUISITION VENTURE, LLC<br><br>and<br><br>GOVERNMENT LIQUIDATION.COM, LLC<br><br>          Defendants. | Case No.: 1:08-cv-00423-HHK |

**KORMENDI\GARDNER'S
<u>MOTION TO REMAND</u>**

      Pursuant to 28 U.S.C. § 1447, Plaintiff, Kormendi\Gardner Partners ("KGP"), through counsel hereby moves this Court to remand this case to the Superior Court for the District of Columbia and in support hereof contemporaneously submits its Memorandum in Support of its Motion to Remand, which is incorporated herein by reference. Plaintiff, in support of its motion states:

      1.     Defendants, Surplus Acquisition Venture, LLC ("SAV") and Government Liquidation.Com, LLC ("GL") (collectively "SAV/GL" or "Defendants") removed this action from the Superior Court for the District of Columbia pursuant to their Notice of Removal dated March 10, 2008. KGP's action alleges that the Defendants have breached obligations owed to KGP as a third party beneficiary of the Defendants'

contract with the Defense Reutilization and Marketing Service ("DRMS").[1] The bases of jurisdicition they invoke to support the removal of KGP's action to this Court are without merit.[2]

2. Contrary to Defendants' assertions in the Notice of Removal, KGP's suit does not arise under federal law insofar as this action is premised upon state law causes of action for breach of contract and quantum meruit. Hence, the allegations of KGP's suit do not implicates issues under federal law. Even if it could be argued that such issues were alleged, there are no principles of federal law or policy that conflict with the law of the District of Columbia. And, the mere fact that the Defendants' contract is with the Department of Defense, the contract simply relates to the disposition of surplus federal property and not for the provision of products or services necessary to national security. Accordingly, Defendants removal premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331 fails.

3. Defendants' assertion that federal jurisdiction exists pursuant to 28 U.S.C. § 1442(a) similarly is unavailing. The Defendants voluntarily ceased paying compensation owed to KGP. That the cessation of payments occurred pursuant to a modification of their contract with DRMS makes no difference for jurisdictional purposes. The Defendants voluntarily agreed to the contract modification and so did not take action pursuant to the direction of a federal officer. Moreover, they do not aver a

---

[1] DRMS is an agency within the United States Department of Defense ("DoD"), which, among other activities, arranges for the disposition of surplus and scrap material by DoD and its constituents.

[2] Defendants notified this Court of the removal of this action when they filed their Notice of Removal of Civil Action by Defendants Surplus Acquisition Venture, LLC and Government Liquidation.Com, LLC. That filing shall be referred to as the "Notice of Removal."

meritorious federal defense.  Thus, Defendants' assertion that removal is proper under 28 U.S.C. § 1442(a) does not support the assertion of this Court's jurisdiction.

4. Finally, Defendants reserved the right to assert diversity jurisdiction pursuant to 28 U.S.C. § 1332.  There is not complete diversity of the parties because the Plaintiff and one or both of the Defendants are deemed citizens of the District of Columbia.  Hence, diversity jurisdiction is not proper in this case.

**WHEREFORE**, for the reasons stated herein and more fully stated in the contemporaneously filed memorandum in support of this motion, Kormendi\Gardner Partners respectfully request that this action be remanded to the Superior Court for the District of Columbia.

Respectfully submitted,

**BROWN RUDNICK BERLACK ISRASELS** LLP

Kenneth B. Weckstein
District of Columbia Bar No. 239301
kweckstein@brownrudnick.com
Howard A. Wolf-Rodda
District of Columbia Bar No. 449377
hwolf-rodda@brownrudnick.com
601 Thirteenth Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 536-1700 (voice)
(202) 536-1701 (facsimile)

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Kormendi\Gardner's Motion to Remand to be served electronically in accordance with the Court's electronic filing guidelines to:

>Craig A. Holman, Esq.
>Matthew D. Michael, Esq.
>Arnold & Porter LLP
>555 Twelfth Street, NW
>Washington, DC 20004

_____
Howard A. Wolf-Rodda

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KORMENDI\GARDNER PARTNERS,<br><br>    Plaintiff,<br><br> v.<br><br>SURPLUS ACQUISITION VENTURE, LLC<br><br>and<br><br>GOVERNMENT LIQUIDATION.COM, LLC<br><br>    Defendants. | Case No.: 1:08-cv-00423-HHK |

## **ORDER**

The Court upon consideration of the Motion to Remand filed by Plaintiff Kormendi\Gardner Partners and having considered all memoranda of law and oral argument in support and opposition to the Motion, it is hereby:

ORDERED, that the motion is GRANTED; and it is further

ORDERED, that the action shall immediately be remanded to the Superior Court of the District of Columbia pursuant to 28 U.S.C. 1447.

Dated: _____, 2008  _____
                    United States District Judge